1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DOAK HOMES, INC.,

               Petitioner/Plaintiff,

    v.

CITY OF TUKWILA, and ROBERT
BENEDICTO, in his official capacity as City of
Tukwila's Building Official,

               Respondents/Defendants.

NO. C07-1148MJP

ORDER REMANDING ACTION TO
KING COUNTY SUPERIOR COURT

On July 24, 2007, Defendant City of Tukwila removed this action from King County Superior
Court to this Court.  (Dkt. No. 1.)  On December 11, 2007 the Court sua sponte ordered Defendant to
address the issue of subject matter jurisdiction as presented in this removal case.[1]  (Dkt. No. 19).
Having reviewed Defendant's response (Dkt. No. 20), Plaintiff's reply (Dkt. No. 21), and the balance
of the record, the Court finds that it lacks subject matter jurisdiction over this action.  Therefore, the
Court ORDERS that this case be REMANDED to King County Superior Court.  The reasons for the
Court's order are set forth below.

---

[1]This Court is one of limited jurisdiction and strives to stay within its mandate.  It is not the
Court's desire to vex the litigants.  While the City complains that the Court presented it "with the
ultimate catch-22, Hobson's Choice, and 'rock and hard place' scenario",  the Court reminds
Defendant that its position in front of this Court is one of its own choosing.

ORDER - 1

**Background**

Doak Homes, Inc. ("Doak") purchased seventeen lots in the City of Tukwila ("City") with the intent of building sixteen single family homes.  The City rejected Doak's applications for building permits for six of the proposed homes and has failed to process the remaining applications.  Doak appealed the City's decision denying the six permits and a hearing examiner affirmed the denial.

Doak filed this lawsuit in King County Superior Court in May 2007, exercising its rights under Washington's Land Use Protection Act ("LUPA").  In an amended complaint, Doak also alleged violations of federal due process and equal protection rights, and a federal takings claim.  The City removed the case to this Court under 28 U.S.C. §§ 1441, 1443, and 1446, and asserted this Court's original jurisdiction over plaintiff's federal claims under 28 U.S.C. § 1331.

**Analysis**

Under 28 U.S.C. § 1441(b), a defendant may remove a civil action brought in a state court to federal court if the complaint includes a claim "arising under" federal law.  However, the federal removal statute provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  A district court has "a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not."  United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004); see also Murphy v. Aetna Life Ins. Co., 2006 U.S. Dist. LEXIS 81177 at *1 (D. Ariz. Nov. 2, 2006) ("a district court may remand a removed case sua sponte if it determines that it lacks subject matter jurisdiction over the case").

Here, Defendant has asserted federal question jurisdiction as the basis for removal.  Removal based on federal question jurisdiction is only proper when a federal claim appears on the face of a well-pleaded complaint.  Redwood Theatres, Inc. v. Festival Enters., Inc., 908 F.2d 477, 479 (9th Cir. 1990).  Plaintiff's complaint contains three federal claims:  (1)  that Defendant's denial of the six permit applications and failure to act upon the remaining ten applications violate Plaintiff's right to due

1   process under the Fourteenth Amendment; (2) that Defendant's denial of the six permit applications

2   and failure to act upon the remaining ten applications violate Plaintiff's right to equal protection under

3   the Fourteenth Amendment; and (3) that Defendant's denial of the six permit applications and failure

4   to act upon the remaining ten applications constitute a taking without just compensation in violation of

5   the Fifth and Fourteenth Amendments.

6          As a preliminary matter, the Court finds that Plaintiff's due process and equal protection claims

7   are "as-applied" claims and contain no "facial" challenges to a Tukwila city ordinance.  The Court is

8   not convinced by Plaintiff's recent efforts to present its equal process and due protection claims as

9   containing facial challenges.  No amount of last-minute re-characterization is sufficient to transform

10  the language of the complaint, as explained below.

11         A facial claim "arises solely from the existence of the statute itself" and "by its nature does not

12  involve a decision applying the statute or regulation." Tapps Brewing Inc. v. City of Sumner, 482 F.

13  Supp. 2d 1218, 1226-1227 (D. Wash. 2007) (internal citation omitted).  An as-applied challenge

14  occurs when the plaintiff's allegations involve a particular application of the statute or regulation.  Id.

15  In reaching its conclusion, the Court has considered the complaint in its entirety, and has taken note of

16  the following language from a section of the Complaint entitled "Additional Factual Allegations:"

17         The City's reasons for stopping construction of [Doak's proposed] homes on
           individual platted lots are completely arbitrary,   which is demonstrated by the
18         irrational, discriminatory effect of the City rules.  Specifically, property owners with
           a single substandard lot may build a house on that individual lot, while a property
19         owner owning two or more adjacent lots such as Doak Homes is prohibited from
           building homes on those individual lots. ... The discrimination occurs even if a
20         property owner buys an existing single lot now, while Doak Homes bought the
           adjacent lots prior to any rule changes when the City clearly allowed one home per
21         historic platted lot.  Furthermore, these platted lots were platted for one house per lot
           and the City has never processed a plat amendment or otherwise altered the plats to
22         change this purpose.  The City ordinance is impermissibly vague since it fails to
           contain sufficient definitions and cannot be fairly applied.
23

24    (Cmplt. at 8-9.)  This language does not constitute a facial challenge based on equal protection and

25   due process.  The complaint fails to identify which city ordinance is allegedly "impermissibly vague"

ORDER - 3

1    and refers only to the "City rules" as having a "discriminatory effect." Tukwila Municipal Code

2    ("TMC") 18.70.030, the city ordinance that Plaintiff challenges throughout the remainder of the

3    complaint, makes no distinction between a property owner who owns a single lot and a property

4    owner who owns multiple adjacent lots.  In short, this language does not allege that the mere adoption

5    of a particular ordinance violates the equal protection or due process clause and is therefore not a

6    facial challenge of that ordinance.  If Doak attempted such a claim, it is insufficiently plead and does

7    not appear on the face of a well-pleaded complaint.

8        Further, throughout its complaint, Plaintiff contends that Defendants erred when *applying*

9    TMC 18.70.030 and never alleges that the ordinance itself is somehow flawed.  (See, e.g, Cmplt. at 3

10   ("The City's denial [of the building permits] is based upon an erroneous interpretation of TMC

11   18.70.030 and related provisions of the code as they existed at the time Doak Homes submitted its

12   applications"); Cmplt. at 4 ("The Decision of the City Hearing Examiner ... is an erroneous

13   interpretation of the law" which violates "Doak's federal constitutional rights protected under 42

14   U.S.C. Sections 1983 and 1988"); Cmplt. at 6 (Doak challenges the application of TMC 18.70.030

15   and alleges that the ordinance "allowed one to build on a lot that failed to meet 'the minimum

16   dimensional standards for the applicable zone in which it is located' so long as the proposed

17   development complied with other applicable 'basic development standards,' such as set back

18   requirements"); Cmplt. at 6 (Doak alleges that the Hearing Examiner "improperly deferred to the

19   City's interpretation, which was entitled to no deference"), Cmplt. at 7 (Doak alleges that the City's

20   failure to process the remaining applications is "without any reason"); Cmplt. at 11 ("Defendant's

21   denial of Doak Homes' six permit applications ... and failure to act upon Doak Homes' ten permit

22   applications ... violate Doak Homes' rights to due process and equal protection under the Fourteenth

23   Amendment to the United States Constitution")).

24

25

ORDER - 4

**Plaintiff's Federal Claims are not Ripe for Federal Review**

1   Defendant seems to confuse the removal statute with the requirements for subject matter

2   jurisdiction.  Meeting the requirements for removal is only the first hurdle; before the Court can hear

3   the action, it must also establish that is has subject matter jurisdiction over any federal claims in the

4   complaint.  Although the Court finds that Plaintiff's well-pleaded complaint contains federal claims,

5   the Court lacks subject matter jurisdiction over the action because the federal claims contained in the

6   complaint are not ripe for federal review.  "Ripeness is a question of law which must be determined by

7   the court." <u>Herrington v. County of Sonoma</u>, 834 F.2d 1488, 1494 (9th Cir. 1987).

8   Before a regulatory takings claim can be ripe for federal review, the Ninth Circuit requires that

9   a "final decision" inflicting a concrete harm upon the landowner be issued by the city government.

10  <u>Kinzli v. City of Santa Cruz</u>, 818 F.2d 1449, 1454 (9th Cir. 1987).  "[A] final decision requires at

11  least: '(1) a rejected development plan, and (2) a denial of a variance.'" <u>Kinzli</u>, 818 F.2d at 1454

12  (citing <u>Williamson County Reg'l Planning Comm'n v. Hamilton Bank</u>, 473 U.S. 172, 187-90 (1985)).

13  TMC 18.70.030 clearly states that "[n]othing in this subsection shall be deemed to prevent the owner

14  of a sub-standard lot from applying for or receiving approval of variances pursuant to TMC Chapter

15  18.72."  Because there is no evidence that Doak requested a variance as allowed under Tukwila

16  Municipal Code 18.72, the City has not rendered a final decision and Doak's takings claim is not ripe

17  for review.

18  Plaintiff's due process and equal protection claims are subject to the same ripeness

19  requirements as its takings claim.  "All as-applied challenges to regulatory takings, whether based on

20  the just compensation clause, the due process clause or the equal protection clause, possess the same

21  ripeness requirement: a final determination by the relevant governmental body." <u>Southern Pacific</u>

22  <u>Transp. Co. v. Los Angeles</u>, 922 F.2d 498, 507 (9th Cir. 1990) (internal citations omitted).  Doak's

23  as-applied due process and equal protection claims arise from and rely on its takings claim because

1    they do not challenge the permit denial decision in isolation, but rather as a series of actions which

2    result in a taking.  See  Harris v. County of Riverside, 904 F.2d 497, 500 (9th Cir. 1990).

3          Further, Doak's § 1983 claims concerning land use do not consist of "certain limited and

4    appropriate circumstances" which would allow the claims to proceed despite their relation to a takings

5    claims that is not yet ripe for adjudication.  See Carpinteria Valley Farms, LTD., v. County of Santa

6    Barbara, 344 F.3d 822, 825 (9th Cir. 2003).  The City's ordinance has not produced any "actual,

7    concrete injuries" which are separate from any taking Doak may have suffered.  See Harris v. County

8    of Riverside, 904 F.2d 497, 500-01 (9th Cir. 1990).  Instead, before they can be properly adjudicated,

9    Doak's due process and equal protection claims require that the Court make "a final and authoritative

10   determination" of the development permitted on the plots which cannot be determined until the City

11   issues a final decision as required above.  Id.

12         Finally, Doak's federal claims do not fall within the "futility exception" which would allow

13   federal review of the claims even without an application for a variance if Doak's efforts to obtain a

14   final decision "would be an idle and futile act."  See Kinzli, 818 F.2d at 1454 (internal citations and

15   quotation marks omitted).  The Ninth Circuit requires "at least one 'meaningful application'" before

16   declaring a final decision futile and Doak has yet to seek *any* variance for its development project.  Id.

17   at 1459.

18                                            **Conclusion**

19         A federal takings claim is "not ripe until the plaintiff has been denied compensation by the

20   state" and "[when] a state has an adequate procedure for compensation, until this procedure has been

21   exhausted and the plaintiff denied compensation, no taking has occurred."  Macri v. King County, 126

22   F.3d 1125, 1129 (9th Cir. 1997) abrogated on other grounds by Crown Point Dev., Inc. v. City of Sun

23   Valley, 2007 WL 3197049 (9th Cir. 2007).  "Washington has an adequate procedure for

24   reimbursement for the taking of property."  Id.  Defendants' decision to remove this case from state

25   court effectively denied Doak an opportunity to utilize Washington's procedure for reimbursement,

1   and brought a takings claim to this Court that was not ripe for review.  The City now asks that the

2   Court dismiss the federal claims, ignoring the fact that a Court without subject matter jurisdiction has

3   no right to take action on a claim improperly before it.  Because the Court lacks subject matter

4   jurisdiction over this action, the Court REMANDS this case to King County Superior Court pursuant

5   to 28 U.S.C. § 1447(c).  Each side will bear its own fees and costs.

6          The Clerk is directed to send copies of this order to all counsel of record.

7          Dated: January 18, 2008

8

9

10

11                                                    Marsha J. Pechman

12                                                    U.S. District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

ORDER - 7